Where A &
B bring eject-
ment, and have
judgment a-
gainst them
for costs,
though C af-
terwards bring
ejectment for
a portion of
the same pre-
mises upon the
same title; yet
the court will
not stay pro-
ceedings in the
second suit, till
the costs of the
first be paid.

JACKSON, *ex dem.* CLARK, *against* CLARK.

EJECTMENT. The lessor claimed title to one fifth of certain premises, as one of the heirs of his father, *John Clark*, on the ground that certain conveyances and devises from his father to the defendant were void. *A. & W. Clark*, two of the lessors, brothers, had before brought ejectment, as heirs of their father, against the defendant, for *two fifths* of the same premises, in which suit the same ground was taken, but a verdict was found for the defendant. The costs of that suit, taxed at $185,80, are yet unpaid. And now,

*Butler*, for the defendant, moved that all proceedings in this cause be staid, until the payment of those costs. He said the same title was in question, as in the former action, and referred the Court to *Adams on Ej.* 319, 20, and the cases there cited, to show, that although the lessors are different, yet the same title being in question, is enough to warrant the rule applied for. He also cited *Perkins* v. *Hinman*, (19 *John.* 237.)

*E. Williams*, contra. Although the title is the same in both suits, yet the questions which relate to it may be altogether different. Confessions, infancy, &c. may properly be admitted in evidence in one suit, which would have no application in the other. The cases cited by *Adams* in his treatise on ejectment, do not bear him out. They only go to shew that where the second suit is between the same *parties* or *privies* to the same estate or interest, the second suit shall be staid till the costs of the first are paid. But this motion is against one, neither party nor privy to the former suit. The question in that cause, for aught that appears, was entirely distinct. It might have been a mere question of legitimacy.

At another day, *the Court* remarked that they had looked into the cases cited by *Adams* in his treatise on ejectment, at the page relied upon by the counsel for the defendant,

in support of this motion. The rule, which he lays down, is sufficiently broad to warrant this application; but we are satisfied, with the plaintiff's counsel, that they do not bear him out.(a). They are cases where the lessors of the plaintiff in the first suit, or some of them, are retained in the second; or the lessors in the second are privy to the lessors in the first. Neither of the lessors in the former suit are named in this, nor any one claiming under them; and although the lessor of the plaintiff in this suit claims under the same title, yet he goes for a distinct portion of the premises, and, for aught that appears, was an utter stranger to the former suit.

*UTICA,*
*August, 1823.*

(a) He cites these cases: *Doe*, d. *Hamilton*, v. *Hatherley*, *Str.* 1152. *Thrustout*, d. *Williams*, v. *Holdfast*, 6 *T. Rep.* 223. *Keene*, d. *Angel*, v. *Angel*, 6 *id.* 740. *Doe*, d. *Feldon*, v. *Roe*, 8 *id.* 645.