# SUPREME COURT.

WILLIAM C. TEN BROECK and others agt. GIDEON REYNOLDS and another.

In an action brought by several plaintiffs, claiming as heirs at law, to recover a farm, the defendant is not entitled to stay their proceedings until the costs of a former action have been paid, where the first action was brought by *one* only of said plaintiffs to recover *one-third* of the same premises, and the complaint was dismissed. The second action cannot be regarded as between the *same parties*, or their *privies*—nor for the *same premises*.

Where there are several plaintiffs, the statute (2 *R. S.* 620) gives the defendant the right to *security for costs* only where *all* of them are *non-residents*. If *one* of the plaintiffs only is a resident, the defendant is not entitled to such security, although it appears such resident plaintiff is irresponsible.

Although the Code does not state, as did the Revised Statutes in relation to a next friend, that a *guardian ad litem* for an infant plaintiff shall be a *competent* and *responsible person*, yet it is both the right and the duty of the court to insist upon the appointment of such a person.

A *non-resident* guardian *ad litem* for an infant plaintiff, whether a responsible person or not, may be required to give *security for costs*. And this is so, although some of the plaintiffs in the action are residents.

*Albany Special Term, Aug.,* 1856.

MOTION to stay proceedings, &c.

The action is brought to recover a farm in the town of Petersburgh, in the county of Rensselaer. All the plaintiffs claim title as heirs at law of Abraham Ten Broeck, deceased.

Margaret S. Gibson, one of the plaintiffs, and who claims title to one-third of the farm, brought an action, in 1849, to recover her undivided share, against Peleg Brown, who was the tenant of Thomas Reynolds, now deceased. In April, 1850, the complaint in that action was dismissed, and judgment was rendered against the plaintiff for $194.34 costs. These costs remain unpaid.

All the plaintiffs, except Margaret S. Gibson, are non-residents, and the guardian for two of the plaintiffs, who are infants, is also a non-resident. It is alleged, that the judgment

against Margaret S. Gibson for the costs of the first action is not collectible.

Upon an affidavit stating these facts, the defendants moved for an order staying the plaintiffs' proceedings in this suit until the costs in the former suit are paid, and also until the guardian for the two non-resident infant plaintiffs shall file security for costs.

EDWARD F. BULLARD, *for plaintiffs.*
JOB PIERSON, *for defendants.*

HARRIS, Justice. The former action was brought by the plaintiff Gibson alone, to recover one-third of the premises described in this complaint. Had the name of Gibson been omitted in this complaint, and the suit been brought by the other plaintiffs, to recover the other two-thirds of the premises, it could not have been pretended that the defendants would have had a right to stay the proceedings until the costs of the first action should be paid. The case would then have been within the decision in *Jackson* agt. *Clark*, (1 *Cow.* 140.) The plaintiffs, though claiming under the same title, could not have been concluded by anything which might have been done in the former suit.

Nor can I see that the case has been changed by including Gibson as one of the plaintiffs. It is still true that the other plaintiffs are strangers to the former suit. Being neither parties nor privies, they ought not to be prejudiced by anything that was done. The general rule on the subject is clearly stated in *Jackson* agt. *Edwards*, (1 *Cow.* 138.) It is, that "where the same title to the same premises is drawn in question in a second suit, between parties or privies to the first, the court will order the costs of the first suit to be paid before it will suffer the second suit to proceed." In this case, I cannot regard the second suit as between the same parties or their privies; nor do I think the premises in question are to be regarded as the same. This branch of the motion, therefore, should be denied.

But for the fact that Gibson has been joined as a plaintiff in this action, the defendants would have been entitled to security for costs under the provisions of the statute, for all the other plaintiffs are non-residents. (2 *R. S.* 620.) Gibson being irresponsible, as sufficiently appears from the fact that the costs in the former action remain unpaid, the case seems to be within the spirit of the statute which authorizes the defendant to require a non-resident plaintiff to file security for costs. When, however, there are several plaintiffs, the statute only gives the right to such security when all are non-residents. It would be hardly proper, therefore, to regard the case as within the statute relating to costs in actions by non-residents.

But upon the remaining ground upon which this application is founded, I think the defendants are entitled to relief. The guardian of infant plaintiffs is appointed by the court. The appointment is made before the suit is commenced. Of course the defendant has no opportunity to be heard upon the question of his appointment. He is responsible for the costs which may be adjudged against the infant, the payment of which can only be enforced by attachment.

It is obvious, that by procuring the appointment of a non-resident guardian, if this is allowable, this liability for costs may be evaded. The Revised Statutes expressly required that the *next friend* of an infant plaintiff, as he was then called, should be a competent and responsible person. (2 *R. S.* 446, § 2.) Though this language is not retained in the provisions of the Code, in relation to the appointment of a guardian *ad litem* for infant plaintiffs, I have no doubt that it is both the right and the duty of the court to insist upon the appointment of such a person. (*See Cook* agt. *Rawdon*, 6 *How.* 233.) Of what avail would it be to these defendants that the statute declares that the guardian of the infant plaintiffs shall be liable for the costs which may be awarded against them, and that such liability may be enforced by attachment. The guardian, being beyond the reach of this process, the defendants are deprived of the security which it was intended they should have. Such a person, however competent or well qualified in other

respects, ought not to have been appointed, and the plaintiffs' proceedings must be stayed until the guardian shall give security for the costs which may be adjudged against the infant plaintiffs, or a competent and responsible person, who is a resident of this state, shall be substituted in his place.

The costs of this motion should abide the event of the action.