STELLA WICE, by her guardian *ad litem*, WILLIAM WICE, Appellant, *against* THE COMMERCIAL FIRE INSURANCE COMPANY, Respondent.

(Decided April 2d, 1877.)

The defendant, after judgment in his favor, can have an attachment for his costs as a matter of right against the person of the guardian *ad litem* of an infant plaintiff.

*It seems,* that the guardian *ad litem* of an infant plaintiff cannot be compelled to give security for costs.

APPEAL from an order of this court at special term, granting an attachment for costs against the guardian *ad litem* of the plaintiff on application of the defendant after judgment in his favor.

*Adolph L. Sanger*, for appellant.

*William A. Coursen*, for respondent.

JOSEPH F. DALY, J.—The guardian *ad litem* of an infant plaintiff cannot be required to give security for costs, the provisions as to security applying to next friends only, and not to guardians. (2 R. S. 620; *Grantman* v. *Thrall*, 29 How. Pr. 344.) But the legislature has provided that he may be attached for the costs, deeming that, probably, sufficient security to a defendant. (Code, 316; *Linner* v. *Crouse*, 61 Barb. 289–93; *Grantman* v. *Thrall, supra.*) This provision for the collection by defendant of his costs against the person by whom the infant plaintiff sues, was not, when enacted, a novelty, for the *prochein amy* of an infant plaintiff was always liable to attachment for defendant's costs as matter of course. (1 Tidd Pr. 72; *Slaughter* v. *Talbot*, Barnes, 128; and more fully in Willes, 190; Burrill's Practice [2d edition], vol. 2, p. 81.) In no case can I find it suggested that the poverty of

the guardian *ad litem* is an answer to the application for the enforcement by attachment of his liability. The authorities are to the contrary, and the principal case in this State is founded on principle and authority. (*Grantman* v. *Thrall*, 31 How. Pr. 464.) As defendant has no security but the responsibility of the guardian, and as the Code holds out the promise of a summary means of enforcing the liability, and as it is the duty of the court to appoint only a person of responsibility as guardian (Rule 61; *Cook* v. *Rawdon*, 6 How. Pr. 233; *Tenbroeck* v. *Reynolds*, 13 id. 464), it should not be received as a reason for withholding the defendant's legal remedy, that the guardian is a person of no means.

In *Grantman* v. *Thrall* (31 How. Pr. 464), it is held that the court has no discretion; that the right of a third party, the defendant, being involved, the court *must* grant the attachment. In *Tenbroeck* v. *Reynolds* (13 How. Pr. 464), it is said that the payment of costs by the guardian can *only* be enforced by attachment; and we think that the language of § 316 of the Code, that the payment of the costs "may be enforced by attachment" against the guardian, was not intended to give the court discretion to grant or withhold this particular remedy, but to provide for the means of enforcing the payment if the guardian failed to pay on demand.

But, even conceding that the granting of the attachment is discretionary, we are of opinion that it was properly granted in this case, and that the order should be affirmed, with $10 costs.

CHARLES P. DALY, Ch. J., and VAN HOESEN, J., concurred.

Order affirmed, with $10 costs.