SAMUEL L. MILLER, AN INFANT, BY WILLIAM C. TOWEN, HIS GUARDIAN AD LITEM, PLAINTIFF, *v.* RICHARD WOOD-HEAD, DEFENDANT.

*Execution against the person of a guardian* ad litem — *when proper.*

Where, in an action brought on behalf of an infant to recover damages for an injury alleged to have been sustained in consequence of the negligence of the defendant, judgment is entered dismissing the complaint, and an execution has been issued against the property of the guardian and returned unsatisfied, an execution may be properly issued against the person of the guardian for the collection of the costs recovered by the defendant in such action without any application being made to the court for leave to issue it.

APPEAL by Hobart Oakley, the assignee of Richard Woodhead, the above-named defendant (in whose favor judgment was entered in the above-entitled action, dismissing the complaint, after a trial at a Circuit Court in the county of New York on the 3d day of October, 1887), from an order made at a Special Term of the Supreme Court, and entered on the 9th day of November, 1888, in the office of the clerk of the county of New York, denying, with costs, the motion made by said Hobart Oakley for an order granting to him execution against the person of William C. Towen, guardian *ad litem* in the above-entitled action.

*Henry P. Starbuck,* for Hobart Oakley, as assignee, appellant.

*John Gray Boyd,* for guardian *ad litem,* respondent.

DANIELS, J.:

This action was brought by the plaintiff, who was an infant of about the age of three years, to recover damages for an injury alleged to have been sustained by himself in consequence of the negligence of the defendant. It was tried at the Circuit, and a verdict recovered in his favor. The judgment upon the verdict was affirmed at the General Term, but reversed at the Court of Appeals. (*Miller* v. *Woodhead,* 104 N. Y., 471.) The effect of the reversal was to defeat the plaintiff's action, and judgment was finally obtained dismissing the complaint and for the recovery of the sum of $756.41 costs.

An execution was issued in the action against the property of the guardian and returned unsatisfied. A motion was thereupon made on behalf of the defendant for leave to issue an execution against the person of William C. Towen, who was the guardian *ad litem* of the plaintiff. After the argument, and before the decision of the motion, the defendant died, and it was ordered to abate, unless it should be continued by the proper parties within six months from the date of the entry of the order. An administratrix of the estate was appointed by the surrogate of the county of New York on the 8th of June, 1888, within the six months mentioned in the order, but, as she did not make herself a party to the proceeding, the motion finally abated. She, however, assigned the judgment to Hobart Oakley, who is the appellant, and he afterwards applied for leave to issue an execution against the person of the guardian, and the motion made in his behalf was denied by the court, and from the order entered upon the decision he has taken this appeal. The final abatement of the motion made in behalf of the defendant in the action presented no legal objection to the success of the application made on behalf of the assignee. It decided nothing, but simply terminated the proceeding on the motion, without any decision whatever as to the right of the defendant to the execution against the person of the guardian. It was, therefore, no answer to the application made on behalf of this assignee.

The action was brought for a wrong, upon which, if the plaintiff had recovered, an execution against the person of the defendant might have been issued. (Code of Civil Pro., § 1487.) And as the plaintiff failed to recover finally in the action, the defendant was entitled to an execution of this description for the collection of the costs recovered by him. The Code, by section 1376, has further provided that, "where the party recovering a final judgment has died, execution may be issued at any time within five years after the entry of the judgment, by his personal representatives, or by the assignee of the judgment, if it has been assigned, and the execution must be indorsed with the name and residence of the person issuing the same."

The final judgment in the action was recovered on the 15th of November, 1887, and this section accordingly secured the right to issue an execution for its collection at the time when the application

for leave to issue it was finally decided. When the action has been brought, as this was, in the name of an infant plaintiff, the Code, by section 469, has declared that his guardian shall be responsible for the costs thereof. This is an absolute and unqualified liability, and, by section 3249 of the Code of Civil Procedure, it has been further declared, "where costs are awarded against an infant plaintiff they may be collected by execution or otherwise, from his guardian *ad litem*, in like manner as if the latter was the plaintiff." This was a modification, as well as an amelioration, of the preceding law; for, by section 316 of the Code of Procedure, it was declared that, "when costs are adjudged against an infant plaintiff the guardian by whom he appeared in the action shall be responsible therefor and payment thereof may be enforced by attachment;" and such an attachment, when issued by leave of the court, was enforceable against the person of the guardian. Prior to that enactment the remedy was still more rigorous; for the attachment issued as a process to punish the guardian for non-payment as a contempt. (*Wice* v. *Com. Fire Ins. Co.*, 8 Daly, 70; *Grantman* v. *Thrall*, 31 How., 464.) The last change which has, in this manner, been effected by the Code of Civil Procedure has relieved the guardian of some of the severity of the preceding practice, for it has rendered him liable to an execution against his person in the same manner, only, as though he were the plaintiff in the action; and this execution, by section 1376, may be issued in a case where the judgment-creditor is deceased, either by his personal representatives or by the assignee of the judgment when it has been assigned. The right to the execution is absolute and unqualified. And it has been further provided by section 1375 of the same Code that a party recovering a final judgment, or his assignee, may have execution thereupon, of course, at any time within five years after the entry of the judgment, except where it may otherwise be specially provided for by law, and no other provision of law applicable to this case has been cited or discovered. Under these sections of the Code of Civil Procedure, therefore, the assignee became vested, by virtue of his assignment, with the unqualified right to issue an execution against the person of the guardian, for the collection of these costs. That right has been in no way made dependent upon any

leave or liberty of the court, as the right to the attachment for the same object previously was.

No interposition of the court, either expressly or by any implication, has been declared a prerequisite to the right to the execution. But it may be issued " of course " within five years after the entry of the judgment, and the right to so issue it has been vested in the personal representative or the assignee after the decease of the judg-ment-creditor. There was, accordingly, no necessity whatever for either of the motions which were made, and as the right to issue the execution has been absolutely provided for in this manner, it could not be abridged or taken away by the decision made on the determination of either of the motions. What should have been done on the final application was to have dismissed it as entirely needless. In that respect the order should be modified, directing the dismissal of the motion as unnecessary and as so modified affirmed, without costs to either party.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order as modified affirmed, without costs to either party.