## PIERCE v. LEE.

### (City Court of New York, General Term. December, 1901.)

COSTS—ENFORCEMENT AGAINST GUARDIAN AD LITEM—CONTEMPT PROCEEDING.
    Code Civ. Proc. § 469, makes the guardian ad litem of an infant plaintiff responsible for costs. Section 3249 declares that where costs are awarded against an infant plaintiff they must be collected "by execution or otherwise" from his guardian ad litem as though the latter was plaintiff. The preceding law (Code Proc. § 316) provided that the guardian should be responsible for costs, "and payment thereof may be enforced by attachment." Held, that where execution against the guardian on a judgment for costs is returned unsatisfied plaintiff can only proceed to an examination of the judgment debtor, and cannot collect them by a proceeding as for contempt.

Appeal from special term.

Action by John F. Pierce, an infant, by Louis Alexander, his guardian ad litem, against John T. Lee. From an order punishing the plaintiff, as guardian ad litem, for contempt in refusing to pay the costs imposed on him by a dismissal of the complaint, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and DELEHANTY, JJ.

M. A. Lesser, for appellant.
Samuel G. Adams, for respondent.

SCHUCHMAN, J. The plaintiff, an infant, brought this action by his guardian ad liten to recover moneys had and received from

him by the defendant. The complaint was dismissed at the trial, and judgment for costs rendered against the guardian. The defendant moved for an order directing the guardian ad litem to pay the amount of the judgment, and in default thereof that he be punished as for a contempt of court. The execution which had been issued has been returned unsatisfied. The ground of contempt is alleged to be that the guardian ad litem induced the court to appoint him as guardian by alleging in his petition that he was pecuniarily responsible.

The court possesses the power, in the exercise of proper discretion in case of abuse, to require justice to be done in this regard, if an irresponsible guardian be appointed. Linner v. Crouse, 61 Barb. 289. Section 469 of the Code of Civil Procedure reads as follows: "Before a summons is issued in the name of an infant plaintiff a competent and responsible person must be appointed to appear as his guardian for the purpose of the action, who shall be responsible for the cost thereof." Section 3249 of the Code of Civil Procedure reads as follows: "Where costs are awarded against an infant plaintiff, they must be collected, by execution or otherwise, from his guardian ad litem in like manner as if the latter was the plaintiff." This was a modification of the preceding law, for by section 316 of the Code of Procedure it was declared that "when costs are adjudged against an infant plaintiff the guardian by whom he appeared in the action shall be responsible therefor and payment thereof may be enforced by attachment." It seems that the words in section 3249, "or otherwise," modified the power of the court to collect the costs from the guardian ad litem by a proceeding as for contempt. Miller v. Woodhead, 52 Hun, 127, 5 N. Y. Supp. 88. An execution against the property of the guardian having been issued and returned unsatisfied, the plaintiff can only proceed to an examination of the judgment debtor. The order appealed from should be reversed, with $10 costs and disbursements.

Order reversed, with $10 costs and disbursements. All concur.