(52 Misc. Rep. 632)

### MYERS et al. v. STEPHENS.

(Supreme Court, Special Term, New York County. February 20, 1907.)

Costs—Security for Payment—Grounds—Nonresidence of Plaintiff.

Under Code Civ. Proc. § 3268, requiring a nonresident plaintiff, on the demand of defendant, to give security for costs, and section 3271, authorizing the court in its discretion to require a plaintiff, suing in a representative capacity, to give such security, a nonresident, suing as receiver of a corporation, must, on defendant's demand, give security for costs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 427–438.]

Action by Charles M. Myers and another, as receivers of the Telephone, Telegraph & Cable Company of America, against Thomas W. Stephens. Heard on motion to compel plaintiffs to give security for costs. Motion granted.

Wilcox & Brodek, for the motion.
Lucius L. Gilbert, opposed.

GIEGERICH, J. Inasmuch as the plaintiffs are nonresidents, the provisions of section 3268 of the Code of Civil Procedure apply, and the defendant is entitled to security for costs as of right. Pursley v. Rodgers, 44 App. Div. 139, 61 N. Y. Supp. 1015. Under this section it is the nonresidence which gives such right, while under section 3271 the court may, in its discretion, require security to be given by a plaintiff suing in a representative capacity. Thus it will be seen that the determining factor in the former case is the nonresidence of the plaintiff, irrespective of the capacity in which he is suing, while in the latter it is the capacity alone which controls.

Motion granted, with $10 costs to the defendants to abide the event.