CROSSETT et al. v. DEAN et al.

(Supreme Court, Special Term, Erie County.   September, 1910.)

1. COSTS (§ 110*)—SECURITY FOR COSTS—ABSOLUTE RIGHT.
     Under Code §§ 469, 3249, 3268, subd. 1, making a guardian of an infant plaintiff responsible for the costs, collectible by execution against him, and providing that defendant in an action by a nonresident may require security for costs, a resident guardian ad litem of a nonresident plaintiff is the plaintiff for the purpose of determining the right to security for costs, and the right to security is not absolute.
     [Ed. Note.—For other cases, see Costs, Cent. Dig. § 427; Dec. Dig. § 110.*]

2. COSTS (§ 107*)—SECURITY FOR COSTS—ABSOLUTE RIGHT.
     Under Code Civ. Proc. § 3271, authorizing the court in its discretion to require security for costs, in actions against trustees, the court should not require security for costs where an action is brought in good faith by infants suing by guardian ad litem duly appointed against a trustee, since, under section 469, the guardian must be a responsible and competent person, and since the presumption is that he is such person as long as the order appointing him is in force.
     [Ed. Note.—For other cases, see Costs, Dec. Dig. § 107.*]

3. COSTS (§ 107*)—SECURITY FOR COSTS—ABSOLUTE RIGHT.
     The costs in a suit in equity against a trustee having funds in his hands belonging to plaintiff are in the discretion of the court, and the contingency of loss on the part of the trustee is so remote that the court in its discretion should not require the giving of security for costs.
     [Ed. Note.—For other cases, see Costs, Dec. Dig. § 107.*]

Action by Helen M. Crossett and another, by guardian ad litem, against William N. Dean, as trustee, and others. Motion to compel plaintiffs to give security for costs under Code Civ. Proc. § 3268, subd. 1, and section 3271. Denied.

W. C. Ramsdale, for the motion.
John J. Ryan, opposed.

POUND, J.  The plaintiffs are nonresident infants suing by resident guardian ad litem duly appointed.  When the plaintiff is "a person residing without the state," the right to security is absolute. Code Civ. Proc. § 3268, subd. 1.  But the guardian ad litem is personally responsible for the costs (Code Civ. Proc. §§ 469, 3249), and he must be regarded as the substantial plaintiff for the purposes of this section.  The infant plaintiffs come within the letter, but not within the reason of the law, and the right to security is not absolute.

But this is an action against the trustee of an express trust, and it is urged that the discretion of the court should be exercised in favor of this application under section 3271, for the reason that the guardian ad litem is not responsible.  The guardian of an infant plaintiff must be "a competent and responsible person."  Code Civ. Proc. § 469.  Presumptively he is such person so long as the order appointing him remains in force, and he may be removed if he fails to meet these requirements.  The only object in requiring security is to protect the trustee from needless or vexatious suits by irresponsible parties, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

security should not be required when the action is brought in good faith by infants by a guardian ad litem duly appointed.

Furthermore, it appears that the defendant is trustee for the plaintiffs, and has funds belonging to them in his hands. The suit is in equity, and costs are in the discretion of the court. The contingency of loss on his part seems remote.

Motion denied.