(173 App. Div. 534)

### TROPEANO v. GRIMALDI et al.

(Supreme Court, Appellate Division, Second Department. June 29, 1916.)

1. INFANTS ⬖116—ACTIONS—GUARDIAN AD LITEM—SECURITY FOR COSTS—STATUTE.

Under Code Civ. Proc. § 469, providing that, before a summons is issued in the name of an infant plaintiff, a competent and responsible guardian must be appointed, who shall be responsible for costs, except where the infant sues as a poor person under section 459, when security for costs shall not be required, although, since the amendment of section 3268 enumerating those who may be required to give security for costs, the defendant is not enabled "to require" security for costs, the guardian ad litem must be a responsible person, and remains "responsible for the costs of the action."

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 333–336; Dec. Dig. ⬖116.]

2. COSTS ⬖109(4)—SECURITY FOR COSTS—GUARDIAN AD LITEM.

Code Civ. Proc. § 3271, providing that, in an action brought by or against a person authorized by statute to sue or be sued, the court may require the plaintiff to give security for costs, does not authorize the court to require the guardian ad litem of an infant plaintiff to give security for costs, since the infant is the person authorized to sue but must appear by guardian.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 454; Dec. Dig. ⬖109(4).]

---

⬖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Westchester County Court.

Action by Antonio Tropeano, an infant, etc., against John Grimaldi and another. From an order denying a motion to require plaintiff to give security for costs, defendants appeal. Order affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, MILLS, and PUTNAM, JJ.

George C. Andrews, of Tarrytown, for appellants.

Benjamin I. Taylor, of Port Chester, for respondent.

THOMAS, J. [1, 2] The action is for assault and battery upon the infant, whose guardian ad litem, his father, was required to give security for costs. Section 459, Code Civ. Proc., treats of a person suing as a poor person, and section 469 relates to the appointment of a guardian, "for the purpose of the action," of an infant plaintiff who by section 468 is declared "entitled to maintain an action," where he has a right of action. As section 3268 no longer enables the defendant to "require security for costs," the question remains whether the court has power to direct such security. Section 469 is:

"Before a summons is issued, in the name of an infant plaintiff, a competent and responsible person must be appointed, to appear as his guardian for the purpose of the action, who shall be responsible for the costs thereof, except where such infant prosecutes as a poor person as provided for under section 459 of this act, in which case security for costs shall not be required."

Before the repeal of section 3268, the court was required by section 469 to appoint a person responsible for the costs and whom the defendant could require to give security therefor under section 3268, unless the infant prosecuted as a poor person, "in which case security for costs shall not be required." If the infant were not such a poor person, such security was demandable if the defendant availed himself of section 3268. Traver v. Jackman, 98 App. Div. 287, 90 N. Y. Supp. 739. But upon the amendment of that section the defendant's resource "to require" was gone. But it does not follow that the court should appoint an irresponsible person, for under section 469 the guardian ad litem remains "responsible for the costs" of the action.

The respondent urges that the requirement of section 469 that the court shall appoint "a competent and responsible person" is for the benefit of the infant, and not for the security of the defendant. Doubtless there was intention to protect the infant, but the section declares that the guardian shall be responsible for the costs. That demands responsibility to the defendant. It cannot be that the statute contemplates that the court could appoint a person pecuniarily irresponsible, and yet consider him responsible for costs. That would avoid the section in that regard. If, now, the court in the present case has appointed an irresponsible person, what is defendant's remedy? The summons cannot be issued without the appointment of a proper guardian. If the guardian is an improper person, the action remains; but there must be some power to meet the improvidence of the appointment by providing a responsible person as guardian. Crossett v. Dean, 69 Misc. Rep. 69, 124 N. Y. Supp. 916. Doubtless the court could allow the irresponsible guardian to give security for costs, but where is the power to

order the security? The defendants suggest that it is found in section 3271, which is:

"In an action by or against an executor or administrator, in his representative capacity, or the trustee of an express trust, or a person expressly authorized by statute to sue, or to be sued, or by an official assignee, the assignee of a receiver, or the committee of a person judicially declared to be incompetent to manage his affairs, the court may, in its discretion, require the plaintiff to give security for costs."

Is a guardian ad litem "a person expressly authorized by statute to sue, or to be sued"? If the words cover the case of a guardian for the purposes of an action, why did section 3268 specially provide for it? Moreover, I consider that the reference in section 3271 is to persons who are authorized to maintain the action. In the present case the infant is authorized to maintain the action, but he must "appear" by a guardian. There is sufficient evidence of pecuniary irresponsibility. But the motion was not to disturb the present appointee, but to compel him to give security for costs. Should the defendants ask for such relief, I would regard it the duty of the County Court to appoint a responsible person as guardian, unless the present appointee qualify for the place by giving security.

The order of the County Court of Westchester County should be affirmed, with $10 costs and disbursements, without prejudice to the right to move as defendants may be advised. All concur.