ANTONIO TROPEANO, an Infant over the Age of Fourteen Years, by BATTISTI TROPEANO, His Father and Guardian Ad Litem, Respondent, *v.* JOHN GRIMALDI and NICOLA GRIMALDI, Appellants.

Second Department, June 29, 1916.

Costs — authority to require guardian ad litem of infant to give security for costs — Code of Civil Procedure, section 469, construed.

Under section 469 of the Code of Civil Procedure a guardian *ad litem* remains "responsible for the costs" of the action, notwithstanding the amendment of section 3268 taking away the defendant's right to require security to be given.

The provision of section 469 that the guardian shall be responsible for the costs demands responsibility to the defendant.

Where a defendant asks for relief against the appointment of an irresponsible person as guardian *ad litem* the court should require the appointment of a responsible person unless the present appointee qualify by giving security.

APPEAL by the defendants, John Grimaldi and another, from an order of the County Court of Westchester county, entered in the office of the clerk of said county on the 31st day of December, 1915, setting aside a prior order entered in said clerk's office on the 11th day of November, 1915, which prior order required the guardian ad litem to give security for costs.

*George C. Andrews* and *Thomas F. J. Connolly,* for the appellants.

*Benjamin I. Taylor,* for the respondent.

THOMAS, J.:

The action is for assault and battery upon the infant, whose guardian *ad litem,* his father, was required to give security for costs. Section 459 of the Code of Civil Procedure treats of a person suing as a poor person, and section 469 relates to the appointment of a guardian, "for the purpose of the action," of an infant plaintiff who by section 468 is declared "entitled to maintain an action," where he has a right of action. As section 3268 no longer enables the defendant to "require security for costs," from the guardian of an infant plaintiff, the question remains whether the court has power to direct such security. Section 469 is: "Before a summons is issued, in the name of an infant plaintiff, a competent and responsible person must be appointed, to appear as his guardian for the purpose of the action, who shall be responsible for the costs thereof, except where such infant prosecutes as a poor person as provided for under section 459 of this act, in which case security for costs shall not be required." Before the repeal of subdivision 5 of section 3268 the court was required by section 469 to appoint a person responsible for the costs and whom the defendant could require to give security therefor under section 3268, unless the infant prosecuted as a poor person, "in which case security for costs shall not be required." If the infant were not such a poor person such security was demandable if the defendant availed himself of section 3268. (*Traver* v. *Jackman,* 98 App. Div. 287.) But upon the amendment of that section the defendant's resource to "require" was gone. But it does not follow that the court should appoint an irresponsible person, for under section 469 the guardian *ad litem* remains "responsible for the costs" of the action. The respondent urges that the requirement of section 469 that the court shall appoint "a competent and responsible person" is for the benefit of the infant and not for the security of the defendant. Doubtless there was intention to protect the infant, but the section declares that the guardian shall be responsible for the costs. That demands responsibility to the defendant. It cannot be that the statute contemplates that the court could appoint a person pecuniarily irresponsible and yet consider him responsible for costs. That would avoid the

section in that regard. If, now, the court in the present case has appointed an irresponsible person, what is defendants' remedy? The summons cannot be issued without the appointment of a proper guardian. If the guardian is an improper person the action remains, but there must be some power to meet the improvidence of the appointment by providing a responsible person as guardian. (*Crossett* v. *Dean,* 69 Misc. Rep. 69.) Doubtless the court could allow the irresponsible guardian to give security for costs, but where is the power to order the security? The defendants suggest that it is found in section 3271, which is: " In an action brought by or against an executor or administrator, in his representative capacity, or the trustee of an express trust, or a person expressly authorized by statute to sue, or to be sued; or by an official assignee, the assignee of a receiver, or the committee of a person judicially declared to be incompetent to manage his affairs; the court may, in its discretion, require the plaintiff to give security for costs." Is a guardian *ad litem* " a person expressly authorized by statute to sue, or to be sued"? If the words cover the case of a guardian for the purposes of an action why did section 3268 specially provide for it? Moreover, I consider that the reference in section 3271 is to persons who are authorized to maintain the action. In the present case the infant is authorized to maintain the action, but he must " appear" by a guardian. There is sufficient evidence of pecuniary irresponsibility. But the motion was not to disturb the present appointee, but to compel him to give security for costs. Should the defendants ask for such relief I would regard it the duty of the County Court to appoint a responsible person as guardian unless the present appointee qualify for the place by giving security.

The order of the County Court of Westchester county should be affirmed, with ten dollars costs and disbursements, without prejudice to the right to move as defendants may be advised.

JENKS, P. J., STAPLETON, MILLS and PUTNAM, JJ., concurred.

Order of the County Court of Westchester county affirmed, with ten dollars costs and disbursements, without prejudice to the right to move as defendants may be advised.