JOSEPH BLUMENTHAL, an Infant, by FREDERICK S. TODMAN, His Guardian ad Litem, Appellant, v. MORRIS G. ALEXANDER and K. KAUFMANN & CO., INC., Respondents.

First Department, December 29, 1916.

Costs — security for costs of action brought on behalf of non-resident infant — appointment of resident guardian ad litem.

Where an action on behalf of a non-resident infant plaintiff is brought by a guardian *ad litem* who is a resident of this state the plaintiff cannot be required to give security for costs under section 3268 of the Code of Civil Procedure, for the resident guardian is liable for the plaintiff's costs under section 469 of the Code of Civil Procedure.

If the resident guardian *ad litem* is not financially responsible his appointment may be vacated.

APPEAL by the plaintiff, Joseph Blumenthal, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of February, 1916, denying plaintiff's motion to vacate an order directing him to give security for costs, and also from an order entered in said clerk's office on the 19th day of February, 1916, denying plaintiff's motion to resettle the prior order.

*Emanuel A. Stern,* for the appellant.

*Irving S. Ottenberg,* for the respondents.

SMITH, J.:

This action is brought by a guardian *ad litem,* a resident of this State, in behalf of an infant plaintiff, a non-resident of the State. By section 3268 of the Code of Civil Procedure it is provided that where the plaintiff resides without the State security for costs may be required by the defendant. By section 469 of the Code of Civil Procedure the guardian *ad litem* is liable for the costs of the action chargeable against the plaintiff, and is required to be financially responsible therefor, and in *Tropeano* v. *Grimaldi* (173 App. Div. 534), it has been held that if the guardian *ad litem* be not financially responsible, his appointment may be vacated upon defendant's motion. With a resident guardian *ad litem* of sufficient financial ability to answer for any costs charged against the plaintiff the defendant needs no further security, and has the full protection which it is the design of the statute to give to him. For the purposes of this statute, therefore, the guardian *ad litem* may be deemed the plaintiff in this action, and as he is a resident of the State, the statute invoked does not apply. This was so ruled by Mr. Justice POUND at an Equity Term in Erie county, reported in *Crossett* v. *Dean* (69 Misc. Rep. 69), which ruling was cited with approval in the *Tropeano* case, above referred to.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, without costs.

CLARKE, P. J., LAUGHLIN, DOWLING and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, without costs.