BERNARD McGOVERN, an Infant, by J. T. McGOVERN, Guardian ad litem, Plaintiff, *v.* NEW YORK TELEPHONE COMPANY, Defendant.

(Supreme Court, Monroe Special Term, May, 1917.)

Guardian ad litem — of infants — removal of — guardian cannot be required to give security for costs — Code Civ. Pro. § 469.

Where the guardian *ad litem* for an infant plaintiff is incompetent and irresponsible, he may be removed under section 469 of the Code of Civil Procedure, or he may be permitted to continue upon giving security to protect the infant, but he cannot be required to give security for costs.

MOTION to revoke appointment of special guardian or require him to give security for costs.

Myron T. Bly, for motion.

Joseph P. Hogan, opposed.

RODENBECK, J.    There is no provision of law requiring a guardian *ad litem* for an infant plaintiff to give security for costs.  Code Civ. Pro. §§ 469, 3249, 3268. Under the Revised Statutes of 1829 a defendant in an action brought in a court of record could require security for costs to be given where the plaintiff when the action was commenced was an infant whose next friend had not given security for costs.  R. S. pt. 3, ch. 10, tit. 2, § 1.  This provision was carried into the Code of Civil Procedure with the substitution of guardian *ad litem* for next friend and under the language of the Code as passed security could be required by section 3268, subd. 5.  This subdivision was amended by chapter 170 of the Laws of 1891, the pur-

port of which it is not necessary to discuss since by chapter 524 of the Laws of 1904 the subdivision was eliminated from the section so that since 1904 there has been no statutory authority for requiring security for costs from the guardian *ad litem* of an infant plaintiff.

In its efforts to place a guardian *ad litem* upon the same footing as any other plaintiff with respect to liability for costs the legislature also relieved the guardian from all liability or punishment for contempt for non-payment of costs and from the issuance of an execution against his person except in those cases where an execution might be issued against an adult plaintiff. Formerly the responsibilty of a guardian *ad litem* for costs could be enforced by attachment (Code Pro. § 316) and the attachment issued as a process to punish the guardian for non-payment as a contempt. *Wice* v. *Commercial Fire Ins. Co.,* 8 Daly, 70; *Grantman* v. *Thrall,* 31 How. Pr. 464. The rigor of this provision has been softened by the amendment of section 3249 of the Code which provides that the costs may be collected by execution or " otherwise " which means that an execution may issue in the usual way against his property or against the person if the action is one which justified such an execution. *Miller* v. *Woodhead,* 52 Hun, 127, 129; *Pierce* v. *Lee,* 36 Misc. Rep. 865. It is apparent that under this legislation no security for costs can be required of a guardian *ad litem* for an infant plaintiff and that where costs are recovered they can be collected by an execution against his property or against his person the same as if the action were brought by an adult plaintiff.

These changes in the statutes relieving a guardian *ad litem* for an infant plaintiff from any greater obligations with respect to costs than those existing in the case of an adult plaintiff under the same circum-

stances have not been affected by section 469 of the Code which provides that the guardian *ad litem* for an infant plaintiff shall be " responsible " for the costs of the action. The sole effect of this language in view of the elimination of the provision requiring security for costs is to make the guardian *ad litem* liable for costs collectible the same as if he were the plaintiff in person. It does not confer upon the defendant the right to require a guardian *ad litem* for an infant plaintiff to give security for costs. In the absence of some provision creating a liability there would be no liability on the part of the guardian *ad litem* and for that reason the language is incorporated in the section. It should not be perverted to restore the former right of the defendant to insist upon security for costs. The design of this section was to protect the infant and to require the appointment of a " competent and responsible " person for the purpose of the action. The application for the appointment of a guardian *ad litem* is made *ex parte* and as the infant is the ward of the court it is its duty to see that a competent and responsible person is appointed. If by chance such a person has not been appointed he may of course be removed at any time, but he cannot be permitted to continue merely upon giving security to protect the defendant in his costs. This was not the purpose of the section. If the person appointed is not competent and responsible he may be removed at any time or as a condition of remaining he may be required to give security for the benefit of the infant but not for the benefit of the defendant. The language at the end of section 469 exempting a guardian *ad litem* from responsibility for costs where the infant prosecutes as a poor person and providing that in such a case " security for costs shall not be required " was in the section at the time that section

3268, prior to its amendment, required security to be given by.a guardian *ad litem*, and when that section was amended the legislature failed to amend section 469 so that the presence of this language has no bearing and no inference is to be drawn from its requiring a guardian *ad litem* for .an infant plaintiff to give security for costs.   He is responsible for the costs but he is not required to give security for the costs.   The plaintiff in an ordinary action is responsible for costs but he is not required to give security therefor, if irresponsible.   If an adult plaintiff is irresponsible it vests no power in the court to require him to give security for costs merely because he is irresponsible. It would require a clear expression of legislative intention to compel such security to be given for any such reason.   *Tropeano* v. *Grimaldi,* 173 App. Div. 534; *Crossett* v. *Dean,* 69 Misc. Rep. 69.

The present case is an action for damages for personal injuries.   If the defendant succeeds it may collect its costs by an ordinary execution or by an execution against the person of the guardian *ad litem. Miller* v. *Woodhead,* 52 Hun, 127, 129.   This is a sufficient protection for the costs of the trial.   So far as the infant is concerned the person appointed is his father, a man who while he has not accumulated any property is industrious and earning fair wages.   If a judgment is recovered in favor of the plaintiff the guardian can receive no part of the judgment other than the costs and expenses allowed to him by the court " until he has given sufficient security, approved by a judge of the court, or a county judge to account for and apply the same."   Code, § 474.   The guardian *ad litem* in this case is a sufficiently competent and responsible person within the meaning of section 469 of the Code and he should not be removed and cannot be required to give security to protect the defendant

Touhey Co., Inc., *v.* Shongo Const. Co., Inc.  181

Misc.]            Supreme Court, May, 1917.

in the payment of any costs that may be recovered against him. This conclusion is in accordance with the reasonable construction of the sections of the Code and places an infant in respect to the enforcement of his rights in the courts upon the same plane as an adult plaintiff.

Motion denied, without costs.