CHARLES BACKERMAN, an Infant, by LEAH BACKERMAN, His Guardian ad Litem, Respondent, v. ELIZABETH COCCOLA, Appellant, Impleaded with ANTHONY PRATA, Defendant.

First Department, November 7, 1919.

**Guardian ad litem — security for costs cannot be required — irresponsible person should not be appointed guardian — motion by defendant to remove guardian.**

Since subdivision 5 was eliminated from section 3268 of the Code of Civil Procedure by the Laws of 1904, chapter 524, there has been no statutory authority to require security for costs to be given by a guardian *ad litem*.

But as section 469 of the Code of Civil Procedure requires that a guardian *ad litem*, appointed for an infant plaintiff, shall be a competent person responsible for the costs unless the infant prosecutes as a poor person, which provision is designed primarily for the protection of the infant, the financial ability of the guardian is a question in which the defendant has an interest and the court on motion of the defendant should remove such guardian if it appears that, although the mother of the plaintiff, she is pecuniarily irresponsible.

APPEAL by the defendant, Elizabeth Coccola, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of June, 1919, denying her application to revoke the appointment of plaintiff's guardian *ad litem*, and for the appointment of a responsible person as guardian, unless the present appointee qualifies by giving security for costs to the defendant in the sum of $250.

*Frederick Zorn* of counsel [*Joseph Kahn* with him on the brief; *Moses Miller*, attorney], for the appellant.

*Arnold Gross* of counsel [*Louis Sanders*, attorney], for the respondent.

PAGE, J.:

The action was brought by Charles Backerman, an infant, by Leah Backerman, his guardian *ad litem*, and is to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the defendant. Leah Backerman is the mother of the infant plaintiff and petitioned to be appointed as guardian *ad litem*. On this appointment she made an affidavit: " That she is of sufficient financial ability to answer to the said infant for any damages which may be sustained by her carelessness or negligence in the prosecution of said suit, and is worth at least the sum of two hundred and fifty ($250) dollars consisting of cash and household effects, and above all her debts and liabilities."

A motion was made to revoke the appointment of the guardian *ad litem*, upon which the attorney for the defendant presented an affidavit that he called on the guardian *ad litem* at her place of residence and was informed by said guardian that she owns no real estate or personal property of any kind,

character, nature or description; that she and her three children were wholly dependent upon her husband, David Backerman, for support, care and maintenance. No papers were presented in opposition. The court, notwithstanding, denied the motion.

Under the Revised Statutes of 1830 a defendant in an action brought in a court of record could require security for costs to be given where the plaintiff when the action was commenced was an infant whose next friend had not given security for costs. (R. S. pt. 3, chap. 10, tit. 2, § 1; 2 R. S. 620, § 1.) This provision was carried into the Code of Civil Procedure with the substitution of guardian *ad litem* for next friend. (Laws of 1880, chap. 178, § 3268, subd. 5, as amd. by Laws of 1891, chap. 170.) Subdivision 5 was eliminated from the section in 1904. (Laws of 1904, chap. 524.) Since 1904 there has been no statutory authority to require security for costs to be given by a guardian *ad litem.*

Section 469 of the Code of Civil Procedure provides: " Before a summons is issued, in the name of an infant plaintiff, a competent and responsible person must be appointed, to appear as his guardian for the purpose of the action, who shall be responsible for the costs thereof, except where such infant prosecutes as a poor person as provided for under section four hundred and fifty-nine of this act, in which case security for costs shall not be required."

This section requires a responsible person to be appointed. While primarily this is for the protection of the infant (*McGovern* v. *N. Y. Telephone Co.*, 100 Misc. Rep. 177), yet the section provides that the guardian shall be responsible for costs. Therefore, the financial ability of the guardian is a question in which the defendant has an interest, and it was proper for her to call the court's attention to the pecuniary irresponsibility of the guardian *ad litem,* and move for an order revoking the appointment. (*Tropeano* v. *Grimaldi*, 173 App. Div. 534.) There being no power in the court to exact security for costs, and the requirement for the appointment of a responsible person being primarily for the protection of the infant, in my opinion, the irresponsible guardian *ad litem* should not be allowed to continue to act, merely upon giving security for costs.

It appears, and is not denied, that the guardian *ad litem* is pecuniarily irresponsible. Had this appeared at the time the application for her appointment was made, she could not have been appointed.

The order should be reversed, with ten dollars costs and disbursements, and the motion to remove the guardian *ad litem* granted and the matter remitted to the Special Term of the Supreme Court to appoint a suitable and responsible person guardian *ad litem* for the infant plaintiff.

CLARKE, P. J., LAUGHLIN, SMITH and PHILBIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion to revoke appointment of guardian *ad litem* granted, and the matter remitted to the Special Term for action in accordance with opinion.