ANDREW D. MAXWELL, JR., an Infant under the Age of Fourteen Years, by His Guardian ad Litem, ANDREW D. MAXWELL, SR., and Another, Plaintiffs, *v.* JOSEPH KLEIN, Defendant.

City Court of New York, Bronx County, May 11, 1934.

*Andrew Ducker*, for the motion.

*Maurice Rosenstein*, opposed.

DONNELLY, J. Section 202 of the Civil Practice Act provides generally for the appointment of a guardian *ad litem* for an infant party. The last sentence of that section reads: "Rules shall be made governing the appointment, qualifications, security, powers, duties and compensation of such guardian."

There is nothing in the Rules of Civil Practice which requires the guardian *ad litem* for an infant plaintiff either to be a resident of this State or to be a resident within the jurisdiction of the court to which he applies for his appointment. Rule 41, which deals with the security furnished by a guardian *ad litem*, merely provides that such security shall be for the faithful discharge of his trust to his infant.

By section 205 of the Civil Practice Act it is provided: "A guardian *ad litem* for an infant is not liable for costs unless specially charged therewith by order of the court." Under the Code of Civil Procedure (§ 3268, subd. 5), prior to 1904, security for costs by a guardian *ad litem* could be required. In *McGovern* v. *New York Telephone Co.* (100 Misc. 177), decided in 1917, and in *Backerman* v. *Coccola* (189 App. Div. 235), decided in 1919, it was held that since 1904 there has been no statutory authority requiring security for costs from the guardian *ad litem* for an infant plaintiff. Under the Code of Civil Procedure (§ 469) it was provided that the guardian *ad litem* for an infant plaintiff should be responsible for the costs of the action in which he was appointed. The language of the Code provisions has been changed by placing the matter of the responsibility of a guardian *ad litem* for costs in every case in the hands of the court. (Civ. Prac. Act, § 205.) The Civil Practice Act became a law May 21, 1920.

While it is true that a resident guardian *ad litem* may no longer be required to give security for costs, the same rule does not apply to non-resident guardians who are plaintiffs. My attention has not been called to any authority upon the subject and my own research fails to disclose any except a brief memorandum decision in the Third Department of the Appellate Division, where it was held that sections 1522 and 205 are to be read together, " and that the latter section indicates that the guardian *ad litem* is not ordinarily liable for costs."* I am unable to follow this reasoning as a ground for denying the instant application. At bar an order by the court charging the guardian *ad litem* with costs would not be of any value to defendant. It is not inconceivable that the outcome of the action and the circumstances which inspired it

---

* *Johnson* v. *Board of Education of City of Hudson*, 214 App. Div. 740.

may result in such an order. There is nothing in the papers on file in this court on the application for the appointment of the guardian *ad litem* to show that he or the infant plaintiff has any property in this State or in this jurisdiction. Under the Code practice, it was held that the financial ability of the guardian was a question in which the defendant had an interest. Apparently, however, the only way in which a defendant could protect his interest was to call the court's attention to the pecuniary irresponsibility of the guardian *ad litem* and move for an order revoking the appointment. (*Backerman* v. *Coccola, ante,* 237.) It has been held that when plaintiff is a non-resident and has no property in this State, the defendant's right to security for costs is absolute. (*McKeaggan* v. *Post & McCord,* 117 App. Div. 129; *Myers* v. *Stephens,* 52 Misc. 632.) The intention to require non-resident plaintiffs to give security for costs is clearly implicit in the provisions contained in section 1522 of the Civil Practice Act. The statute was unquestionably intended for the protection of defendants. It is equally clear that the Rules of Civil Practice (rules 39–44) governing security to be given by a guardian *ad litem* were intended merely to safeguard the interests of the infant. In this action these plaintiffs appear in this court in two aspects: as an infant and as guardian *ad litem,* respectively, and as non-residents. As non-resident plaintiffs, it seems to me that the security which the defendant has demanded they give may be claimed as a matter of right.

Motion granted.