Schoen agt. Schlessinger.

---

# SUPREME COURT.

## LINA SCHOEN agt. ABRAHAM SCHLESSINGER.

*Costs against guardian ad litem of infant plaintiff — Section 316 of the Code still in force —— When attachment will issue — Poverty of guardian ad litem no excuse —— Demand not necessary — Form of judgment in such case.*

The Code (*section 316, old Code*) makes the guardian *ad litem* of an infant liable for the payment of costs awarded against the infant, and such payment may be enforced by attachment against the guardian *ad litem*, as a matter of course and of legal right. Section 316 of the Code still in force.

In such case, the *poverty* of the guardian *ad litem* is no defense to a motion for the attachment.

Demand not necessary before the issuing of the attachment.

Judgment in such case to be entered in form against the infant plaintiff for the entire costs of the action, for which the guardian *ad litem* is made responsible in law, and payment thereof is to be enforced by attachment against the guardian *ad litem*.

*Grantman* agt. *Thrall* (31 *How.*, 464) followed.

*Special Term, July,* 1879.

Schoen agt. Schlessinger.

MOTION for an attachment against Leonard Schoepf, who was the guardian *ad litem* for Lina Schoen, an infant plaintiff, to compel the payment of a portion of the costs of the action awarded to the defendant by the judgment of dismissal in his favor. During the pendency of the action the infant plaintiff became of full age, and, on motion, the guardian *ad litem* was relieved, but his liability for costs was continued up to the date of the order relieving him. On the trial, the complaint was dismissed with costs, which were adjusted upon notice, and two separate judgments for costs were entered, one against the infant plaintiff, amounting to the sum of sixty-four dollars and two cents, and one against the guardian *ad litem* for ninety-two dollars and seventy-eight cents. The costs against the guardian *ad litem* were demanded of him, which he refused to pay. A motion was then made, upon an affidavit setting forth these facts, for an attachment to issue against him for such non-payment.

*George F.* and *J. C. Julius Langbein*, for motion.

The guardian *ad litem* raises the following preliminary objections:

1st. The motion papers should have been served on the plaintiff's attorney.

2d. That the judgment for costs being against the party proceeded against, no further remedy can be taken than the issuing of an execution; and as to the merit of the motion:

1st. The party proceeded against is poor and his poverty is a sufficient excuse.

*First Point.* The rule is well settled that in all civil proceedings for contempt of any order or judgment of the court, the papers of the moving party must be served upon the party in person. After judgment there is no attorney in the action, and even appeal papers must be served on the respondent in person. On motion to punish for contempt, the papers are properly served upon the plaintiff or defendant personally (*Albany City Bank* agt. *Schemerhorn*, 9 *Paige*,

372). If he could not be found it might be served on his attorney (*Pitt* agt. *Davison*, 37 *N. Y.*, 35). The object is to give notice to the party proceeded against (*Albany City Bank* agt. *Schemerhorn, supra ; Pitt* agt. *Davison, id.*).

*Second Point.* The separate judgments for costs were properly entered. The order relieving the guardian *ad litem* up to a certain date, when the infant plaintiff became of age, explains the separate judgments for costs. These costs were taxed on notice, and no objection was then taken, the judgments are, therefore, regular and in proper form.

*Third Point.* Section 316 of the old Code remains in force and applies in this case. Section 316. When costs are adjudged against an infant plaintiff, the guardian, by whom he appeared in the action, shall be responsible therefor, and payment thereof may be enforced by attachment. The issuing of the attachment results simply from the adjudication against the infant plaintiff. The measure of liability and the means of enforcement are prescribed by law, and the court cannot refuse to a party, on a proper application, the process which the law in terms gives him (*Grantmann* agt. *Thrall*, 31 *How.*, 464).

*Fourth Point.* The poverty of the guardian *ad litem* is no excuse and, therefore, no defense. 1st. The moving papers show that the guardian *ad litem* swore he was worth the sum of $1,000 dollars. The poverty of the guardian is no defense to a motion for the attachment (*Grantmann* agt. *Thrall*, *supra*). Judge JOHNSON, in *Grantmann* agt. *Thrall* (*supra*, *at page* 466), says : "I have no doubt that one object the legislature had in view in giving this remedy was to protect persons from being vexed and harassed by actions brought in the name of infants by irresponsible guardians" (*See, also, cases of Morris* agt. *Leslie*, 11 *Hun*, 618, *and Morrison* agt. *Gester*, 11 *Hun*, 621).

*Herman Bolte* (*John M. Flynn*, of counsel), opposed.

POTTER, *J.*— This is a motion for an attachment against Leonard Schoepf, who was the guardian *ad litem* for the plaintiff, to compel the payment of a portion of the costs of this action awarded to the defendant by the judgment herein. The plaintiff became of full age during the pendency of the action, after which an order was made discontinuing the guardianship but retaining his liability for costs up to that period. The defendant afterwards obtained a judgment of dismissal of the action with costs. The costs were adjusted upon notice, and a judgment for the portion of the costs which accrued during Schoepf's guardianship were adjusted at ninety-three dollars and seventy-eight cents, and against the plaintiff for the balance, and a judgment was entered against each for the respective sums so adjusted. A demand for the costs entered in the judgment against Schoepf was made, and he refused to pay them.

This is a motion for an attachment against him for such non-payment.

An objection is made, that a judgment in form for costs against the guardian with a provision for the issuing of an execution to enforce their collection it having been entered, the plaintiff cannot resort to the remedy by attachment, but must resort alone to the execution.

I think the judgment was improperly entered against the guardian *ad litem* for costs. It should have been entered in form against the plaintiff for the whole costs of the action. This I understand to be the practice as well as the theory. Section 469 of the Code of Civil Procedure combines section 115 and part of section 316 of the old Code. Section 316 is still in force. By it the judgment for costs is to be against the plaintiff, but the guardian *ad litem* is made responsible for them, and payment thereof is to be enforced by attachment. The costs ought to be collected by attachment of the guardian ; should have been in the judgment against the plaintiff, and not in the judgment against the guard-

Schoen agt. Schlessinger.

ian. But should not the court allow the judgment to be amended?

The costs have been adjusted upon notice, and no appeal from the amount has been made. They are, undoubtedly, correct and just. The prayer is for general relief, and the court has ample authority under it to correct technical errors in practice and do justice between the parties.

If these costs, ninety-three dollars and seventy eight cents, had been inserted in the judgment against plaintiff, the law would make the guardian liable for the payment of them, and an attachment may have issued against the guardian for their collection, as a matter of course and of legal right (*Grantman* agt. *Thrall*, 31 *How.*, 464).

I think defendant should be allowed to amend his judgment against the plaintiff by inserting all the costs, *nunc pro tunc*, and, also, by striking out the judgment for costs against the guardian in the judgment.

As no demand was necessary before the issuing of the attachment, I can see no occasion or reason, after allowing the above amendment, to put the defendant to the unnecessary labor of making a new motion for the attachment. The attachment under this section of the Code is the mere process by which the guardian is brought before the court. When brought within the jurisdiction by this means, the court will hear what may be urged by way of poverty, or any other reason or excuse the guardian may have, to relieve him from the payment of the costs (*Morrison* agt. *Gester*, 11 *Hun*, 621).

Ordered accordingly, that said amendments be made and an attachment issue against Leonard Schoepf for ninety-three dollars and seventy eight cents; no costs of motion.