that it was regularly issued and for value. Kent v. Quicksilver Mining Co., supra, 78 N. Y. 183.

The objection now made to the allowance of the claim of Hamilton for the sum of $250 money loaned by him to the corporation May 20, 1905, together with interest thereon to the date of the report, upon the ground that this claim was barred by the statute of limitations, seems to be without merit.

[6] Of the many exceptions to the admission of evidence, reference is especially made to one as presenting error, requiring a reversal of the order. The original agreement under which the common stock was issued provided that it should be issued to the parties to the agreement in certain agreed proportions according to their several interests in certain Indiana oil leases, which were to be transferred by these parties to the company, and they were to receive this common stock in payment therefor. The face value of stock so issued was $100,000. This was all the common stock ever issued, and practically all the corporation received for the stock was these leases. A witness was asked what these leases cost these promoters. This was objected to, overruled, and exception taken. The answer was $1,100. In the first place, even if this evidence was incompetent or immaterial, I do not think its reception would be error so prejudicial as to require a reversal of the order for that reason alone. I do think, however, it was entirely competent. Every purchaser of a share of preferred stock paid $80 for a $100 share. The recipients of the common stock turned in these oil leases and received common stock in return at the rate of about $1 per $100 share. The sale of the preferred stock was the only method, except by borrowing it, by which the company obtained real money to develop these leases. What the leases represented in money value was competent, as bearing upon the probabilities as to which version of the agreement made by holders of the common stock, as to the extent of preference to be given the preferred stock, was the true one.

The other exceptions are unimportant, if the court had power to pass upon the rights of the different classes of stockholders in making a distribution of assets.

The orders, so far as appealed from, should be affirmed, with costs. All concur.

(153 App. Div. 498.)

### KUMIN v. UNITED WASTE MFG. CO.

(Supreme Court, Appellate Division, Third Department. November 13, 1912.)

1. APPEAL AND ERROR (§ 105*)—JUDGMENT BY CONSENT—WHAT CONSTITUTES.

Where plaintiff's motion to withdraw a juror was granted on payment of costs, and the order as resettled provided that, if he should fail to pay the costs within a specified time, defendant's motion for nonsuit should be granted, subject to exception, a motion by plaintiff, failing to pay the costs, to compel defendant to enter judgment, was not a judgment by consent, and plaintiff could appeal therefrom.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 717–723; Dec. Dig. § 105.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. Assignments (§ 138*)—Evidence—Effect of Admission of Evidence.

Where, in an action on a claim assigned to plaintiff, the court admitted in evidence the assignment, which was acknowledged, without any certificate as to the authenticity of the acknowledgment, the assignment was a part of plaintiff's proof, whether the objection to its admissibility was properly or improperly overruled, and the court could not grant a nonsuit on the ground that plaintiff had failed to prove title to the cause of action.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 903, 904, 920, 922; Dec. Dig. § 138.*]

3. Assignments (§ 136*)—Validity—Certificate of Authenticity of Acknowledgment.

Where, in an action on a claim assigned to plaintiff, the assignment offered in evidence was acknowledged, but there was no certificate that the notary taking the acknowledgment was a notary, the court should permit plaintiff to supply the certificate.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 233; Dec. Dig. § 136.*]

Appeal from Rensselaer County Court.

Action by Samuel Kumin against the United Waste Manufacturing Company. From a judgment of dismissal at the close of the proof of plaintiff, he appeals. Reversed, and new trial granted.

See, also, 148 App. Div. 932, 132 N. Y. Supp. 1135.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Owen D. Connolly, of Troy, for appellant.
H. D. Bailey, of Troy, for respondent.

PER CURIAM. On the trial the plaintiff asked leave to withdraw a juror, which motion was granted on payment of costs. On settlement of the order, a provision was inserted that, if plaintiff should neglect to pay the costs within 20 days, "then the defendant's motion for a nonsuit herein is granted, subject to the plaintiff's exception, and judgment may be entered accordingly." The motion for a nonsuit had been made, and formally denied, prior to the granting of the order. The plaintiff neglected to pay the costs, and on his motion the defendant was compelled to enter the judgment of nonsuit.

[1] The defendant insists that the whole matter grew out of an order granting a favor to the plaintiff, and therefore the plaintiff is not in position to question the propriety of the nonsuit. While in a sense this is true, the order as resettled gave the plaintiff the privilege of neglecting to pay the costs, in which event a judgment of nonsuit was directed, giving him an exception thereto. The plaintiff by motion compelled the defendant to enter the judgment, but such motion on his part did not amount to a judgment by consent, or one from which he cannot appeal. We cannot go behind the order, and therefore must consider the propriety of the nonsuit.

[2] The claim for which the action was brought had been assigned to various parties, and finally to this plaintiff. Such assignment was acknowledged, but there was no certificate as to the authenticity of the acknowledgment. Nevertheless the paper was received against the

defendant's objection, and the court refused to strike it out on defendant's motion. The principal ground urged for a nonsuit in the court below, and the one argued upon this appeal, appears to have been that plaintiff had not shown title to the cause of action. The answer to that is that the assignment to him, rightly or wrongly, had been received and was in evidence when the motion for a nonsuit was granted. It was therefore a part of plaintiff's proofs, whether the court properly or improperly overruled defendant's objection to its receipt. Under such situation the court was not authorized to grant a nonsuit, on the ground that the plaintiff had failed to prove title to the cause of action.

[3] If all that. was necessary to be done was to obtain a certificate that the notary taking the acknowledgment was a notary, the court should have granted the plaintiff's motion to permit him to supply that proof.

It follows that the judgment must be reversed, and new trial granted, with costs to the appellant to abide the event.