(89 Misc. Rep. 444)

PASINSKY et al. v. METROPOLITAN NEWS CO. et al.

(Supreme Court, Appellate Term, First Department. March 18, 1915.)

1. APPEAL AND ERROR ⬅105, 123—DECISIONS REVIEWABLE—REFUSAL TO DISMISS COMPLAINT.

   No appeal lies from a "ruling" by the trial court, nor from the "finding of the jury," nor from an order refusing to dismiss the complaint.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 717–723, 875–881; Dec. Dig. ⬅105, 123.]

2. COURTS ⬅190—NEW YORK MUNICIPAL COURT—APPEAL—DECISIONS APPEALABLE—REFUSAL TO VACATE ORDER.

   An order of the New York Municipal Court, refusing to vacate an order setting aside a verdict and the judgment entered thereon, was not appealable, as it is not one of the orders enumerated in Municipal Court Act (Laws 1902, c. 580) §§ 253–256.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. ⬅190; Appeal and Error, Cent. Dig. § 103.]

3. NEW TRIAL ⬅70—EVIDENCE—SUFFICIENCY.

   In an action tried on the issue whether defendant was a hold-over under a lease made with plaintiffs' testator, and thereby became liable for rent for certain months at a certain rental, where the charge on the question of fact was clear, and there was no exception thereto, and where the evidence sustained the verdict for plaintiffs, an order setting aside the verdict was erroneous.

   [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 142, 143; Dec. Dig. ⬅70.]

4. NEW TRIAL ⬅68—GROUNDS—EVIDENCE—SUFFICIENCY.

   In such action, "the indiscriminate use by witnesses of the 'Metropolitan Newspaper Company' when the 'Metropolitan News Company' is meant," etc., afforded no reason for setting aside a verdict for plaintiff, where those terms were fully and clearly expressed in the charge.

   [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 135–140; Dec. Dig. ⬅68.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Rachel Pasinsky and another, as executors of Henry Pasinsky, against the Metropolitan News Company and others. Verdict and judgment for plaintiffs against defendant News Company were set aside. From an order refusing to vacate the former order, plaintiffs appeal, and the defendant News Company cross-appeals. Reversed, and judgment reinstated, on plaintiffs' appeal, and defendants' appeal dismissed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

S. Leighton Frooks, of New York City, for plaintiffs.
Salem & Lesser, for defendant Metropolitan News Co.

---

GUY, J.   There are cross-appeals in this case.   The plaintiffs appeal from an order dated April 20, 1914, setting aside a verdict of a jury rendered on April 8, 1914, in favor of the plaintiffs against the defendant News Company, and also from an order entered April 28, 1914, which denied a motion to set aside and vacate the order of April 20, 1914.   The defendant News Company appeals from "the ruling of the court on the trial of the above-entitled action on the 8th day of April, 1914, denying the defendant Metropolitan News Company's motion for the dismissal of the complaint, both after the plaintiffs' case and at the end of the trial, and from the finding of the jury on said day, and from the order of April 20, 1914, in the respect that it fails to dismiss the complaint."

[1] As to the defendant News Company's appeal, it must be dismissed.   No appeal will lie from a "ruling" made by a trial court, nor from the "finding of the jury," nor from an order denying a motion to dismiss a complaint.   If there had been a judgment of dismissal entered, or if the judgment in this action had not been vacated by the order of April 28, 1914, from which plaintiffs appeal, the defendant could have appealed from such judgment, and brought up for review any ruling of the court, the finding by the jury, or the denial of its motion to dismiss the complaint.   The judgment entered in favor of the plaintiff having been vacated, the appeal of the defendant from the several acts stated in its notice of appeal will not lie.

[2] The plaintiffs' appeal from the order of April 28, 1914, which denied their motion to vacate the order of April 20, 1914, must also be dismissed, as no appeal will lie from an order denying a motion to vacate an order, which sets aside a verdict and vacates a judgment entered thereon, as it is not one of the orders enumerated in sections 253–256 of the Municipal Court Act.

This leaves only the plaintiffs' appeal taken from the order of April 20, 1914, which set aside the verdict of the jury, to be considered. The plaintiffs claim that this order should be reversed upon two grounds, as follows:   First, that a motion to set aside the verdict was made and denied at the time of its rendition, and that the power of the court was thereby exhausted, and that therefore the order of April 20, 1914, which set aside the verdict, was without authority; and, second, that the verdict of the jury was justified by the evidence, and the setting aside of the same was a usurpation of the powers of the jury, who are the sole triers of the issues of fact.

As to the first ground urged, the record does not support plaintiffs' contention.   The action was brought against the News Company and two other defendants as copartners, named Morris Eisenman and Meyer A. Rosen.   The case was tried before a jury on April 8, 1914.   At the close of plaintiffs' case, the court below dismissed the complaint as to Eisenman and Rosen, and put the defendant News Company on its defense.   After the verdict was rendered, the minutes of the trial show that the defendant moved to set aside the verdict, which motion the court took under advisement and reserved its decision.   There is an undated and unsigned indorsement upon the summons as follows : "Motion to set aside verdict denied"—from which the word "denied"

is erased. This indorsement has no effect as an order, and in the light of the statement made in the minutes, as before stated, furnished no ground for plaintiffs' claim that the motion to set aside the verdict was first denied on April 8th, and subsequently granted on April 20th, upon an ex parte application made by the defendant News Company.

[3] As to the second ground urged by plaintiffs for a reversal of the order of April 20th, it is well founded. After the elimination of the defendants Eisenman and Rosen from the case, the issue tried was whether or not the News Company was a hold-over under a lease made by it with the plaintiffs' testator, and thereby became liable for rent for the months of November and December, 1913, and January, 1914, at a rental of $25 per month, as claimed by plaintiffs, and for which the plaintiffs had a verdict. This was purely a question of fact. The court below so charged the jury, to which charge neither side excepted. His charge upon that question was clear and explicit, as follows:

"In order to establish the plaintiffs' case, he has to convince you and satisfy you that the holding over, if there was any holding over, or an occupation under a holding over, was had by the corporation, and by nobody else. If he does that, he is entitled to a verdict of $75. If he does not, and you come to the conclusion that these premises were held, not by the corporation, but were held by the individuals, Goldberg and Eisenman, why then you will bring in a verdict for the defendant. That is all there is to the case. The question is whether they held over, or whether the corporation held over or not—occupied these premises or not—for the month of November; and the rent, of course, it is conceded that they have not paid any rent for the months of November, December, and January. They are suing for those three months, and the burden is on the plaintiffs to establish that the corporation was the hold-over. If he has successfully carried that burden, if he satisfies you that this is the actual condition, that this corporation did hold over, and occupied these premises, then he would be entitled to a verdict. If you do not believe that to be the true state of facts, and that Goldberg and the other man held over, why then the plaintiff will have to seek other relief in a different action."

There was sufficient evidence to sustain the finding of the jury, and there was nothing in the record to give any inference that the verdict was rendered under the influence of prejudice and partiality. No requests to charge were denied, and, as before stated, no exceptions to the charge were made.

[4] The statement of the trial justice that "the indiscriminate use by witnesses of the Metropolitan Newspaper Company, when the Metropolitan News Company is meant," etc., furnished no good reason for setting aside the verdict, as those terms were fully and clearly explained by the justice in his charge, and their application made plain to the jury.

Order reversed, with costs, and verdict and judgment reinstated, with costs. Plaintiffs' appeal from order of April 28, 1914, dismissed, without costs. Defendants' appeal dismissed, without costs. All concur.