## MUTUAL BRAID COMPANY, INC., Appellant, *v.* WARREN H. JEFFERS, Respondent.

(Supreme Court, Appellate Term, First Department, March, 1919.)

Municipal Court of city of New York — rules laid down in Municipal Court Code as to practice in, are controlling — motions and orders — appeal.

> The rules laid down in the Municipal Court Code as to the practice in the Municipal Court of the city of New York are controlling.
>
> An order of the Municipal Court of the city of New York granting defendant's motion for judgment on the pleadings can only be reviewed on an appeal from the judgment either as an intermediate order or as a ruling.

APPEAL by the plaintiff from an order of the Municipal Court of the city of New York, borough of Manhattan, ninth district, granting a motion for judgment on the pleadings.

Samuel Hellinger, for appellant.

John E. O'Brien, for respondent.

*Per Curiam.* This is an appeal from an order granting a motion made by the defendant for judgment on the pleadings. The order appealed from recites that the case having come on regularly for trial on the 11th day of December, 1918, and the defendant having made a preliminary motion for judgment upon the pleadings, and for leave to withdraw the counterclaim interposed by the defendant, "Now on reading the complaint and answer and the bill of particulars, etc., the motion is granted." The practice in the Municipal Court is intended to be similar to that in the Supreme Court so far as practicable (Mun. Ct. Code, § 15), but

where rules are laid down in the Municipal Court Code as to what the practice in that court shall be, those rules are controlling and must be followed. The methods of testing the sufficiency of pleadings are set forth in the Municipal Court Code, sections 88, 89 and 91. Municipal Court Code, section 88, provides that certain objections may be made to the jurisdiction of the court, and that "All other objections which heretofore might have been taken by demurrer may be taken by motion." Municipal Court Code, section 89, provides that an objection to the sufficiency of a complaint may be taken by alleging it in the answer, etc. Municipal Court Code, section 154, provides for the taking of appeals from orders made under sections 88 and 89, after leave to appeal is granted by the justice who made the order, or by the appellate court. Rule VI of the Appellate Term Rules provides that application for leave to appeal from an order made under sections 88 and 89 must first be made to the justice who made the order. Municipal Court Code, section 91, provides that " If either party is entitled to judgment upon the pleadings, the court may, on motion at any time after issue joined, grant judgment accordingly." The language of the Municipal Court Code, section 91, is precisely similar to that of the Code of Civil Procedure, section 547. In the Supreme Court appeals from orders made under the Code of Civil Procedure, section 547, are allowed under the provisions of the Code of Civil Procedure, section 1347, subdivision 4, which provides for appeals from orders affecting a substantial right, but this provision was not carried into the Municipal Court Code, and as appeals which may be taken from judgments and orders in the Municipal Court are regulated by the Municipal Court Code, section 154, and as no right of appeal from an order granting or denying a motion made under sec-

tion 91 is given by that section, it follows that the only method of reviewing such an order is (under Municipal Court Code, section 155, or Code of Civil Procedure, section 996) to bring it up for review upon an appeal from the judgment entered in the action. Neither in the Supreme Court nor in the Municipal Court can an appeal be taken directly from an order granting or denying a motion made upon the trial of an action. The orders on such motions are regarded as mere rulings to which exceptions may be taken on the trial record during the trial, and the Code of Civil Procedure, section 996, provides that exceptions taken at the trial can only be reviewed upon an appeal from the judgment rendered after the trial. The rules· herein restated are supported by *Lowenstein* v. *Lombard Ayers & Co.,* 2 App. Div. 610; *Kelly* v. *Theiss,* 77 id. 81; *Loughlin* v. *Wocker,* 152 id. 466; *Pasinsky* v. *Metropolitan News Co.,* 89 Misc. Rep. 444; *Jackman* v. *Hasbrouchk,* 168 App. Div. 256; *Kurwin* v. *United Waste Co.,* 138 N. Y. Supp. 82; *Brauer* v. *Oceanic Steam Navigation Co.,* 77 App. Div. 407; *Allen* v. *Wolkoff,* 166 N. Y. Supp. 1010; *Kingsway Construction Co.* v. *Metropolitan Life Ins. Co.,* 161 App. Div. 649.

This order must, therefore, be reviewed on appeal from the judgment either as an intermediate order or as a ruling. It cannot be reviewed upon an independent appeal from the order. The appeal is dismissed, without costs.

Present: GUY, BIJUR and MULLAN, JJ.

Appeal dismissed, without costs.