HARRIET GOISHEN, an Infant, by SAUL GOISHEN, Her Guardian ad Litem, Plaintiff, *v.* SAMOR REALTY COMPANY, Defendant.

Municipal Court of New York, Borough of Bronx, Second District, April 29, 1938.

*Louis Bierfass*, for the plaintiff.

*William J. Tropp*, for the defendant.

LEVY, J. Harriet Goishen is an infant of some six years of age. Her father, Saul Goishen, upon his application, was appointed her guardian *ad litem* to prosecute an action for personal injuries sustained by her as a result of the alleged negligence of the defendant. The action was instituted in the usual form: " Harriet Goishen, an Infant, by Saul Goishen, her Guardian *ad Litem*, Plaintiff, against Samor Realty Co., Inc., Defendant."

When the case came on for trial it was dismissed by the calendar justice because of the plaintiff's failure to proceed. No direction was made as to costs. The defendant taxed costs before the clerk and entered a judgment that it " do recover of Harriet Goishen, an infant, by Saul Goishen, her guardian *ad litem*, plaintiff, the sum of sixty-one ($61.00) dollars, costs and disbursements, and that the defendant have execution therefor."

The plaintiff now moves to vacate the judgment for costs and for other and further relief.

The judgment of dismissal was entered as a final determination of the action (Civ. Prac. Act, § 472), though, of course, not on the merits (Civ. Prac. Act, § 482). Therefore, in so far as the motion seeks to vacate and set aside the judgment, it is denied. I shall, however, treat the motion as one to review the clerk's taxation of costs (Mun. Ct. Code, § 171), for this appears to have been the purpose of the motion and the burden of the argument. No point is made as to the propriety of the amount of costs taxed by the clerk, but the plaintiff contends that she is not liable for any costs. The issue is whether an infant plaintiff, who sues by a guardian *ad litem*, is subject to costs in favor of a defendant in the event that the defendant is successful in the litigation.

The right to costs is statutory, and the Municipal Court Code provides that " In all actions there shall be allowed to the prevailing party, if he shall have shown that he has appeared by attorney," certain sums therein specified. (Mun. Ct. Code, § 164.) The defendant here is undoubtedly a prevailing party, and it may thus quite plausibly be argued that it is entitled to costs as upon the plaintiff's failure to appear. (Mun. Ct. Code, § 164, subd. 8.) In support of that contention emphasis must be placed upon the words " in *all* actions," and these words must be construed to mean " in any action, irrespective of the plaintiff's incapacity to sue by and for himself." In the light of the statutory history as to costs against an infant plaintiff and his guardian *ad litem*, and in view of the nature of and manner of litigating an infant's cause of action, I should prefer to construe the phrase to read " in all actions, of whatever type, instituted by plaintiffs who are *sui juris*."

The law in other jurisdictions is not uniform. " According to some authorities an infant plaintiff suing by guardian *ad litem* or next friend is liable for costs in case he is unsuccessful, but this is denied by other authorities." (31 C. J. p. 1179, § 377.)

But in the State of New York there is, in my opinion, no doubt as to the answer, albeit counsel have stated that their search for applicable statute and judicial precedent has been unproductive.

True, existing legislation — both the Civil Practice Act and the Municipal Court Code — is silent on the problem. But the reason is not far to seek, as independent inquiry by the court has made obvious.

Under section 316 of the Code of Procedure (the forerunner of the Code of Civil Procedure) judgment was entered against the infant, and it was collected by attachment against the guardian *ad litem*. (*Wice* v. *Commercial Fire Ins. Co.*, 8 Daly, 70; *Schoen* v. *Schlessinger*, 7 Abb. N. C. 399.) The Code of Civil Procedure (the predecessor of the present Civil Practice Act) did not change the rule in this regard; the only change there made (§ 3249) was the substitution of the execution for the attachment. (*Miller* v. *Woodhead*, 52 Hun, 127; *Pierce* v. *Lee*, 36 Misc. 865. See 2 Rumsey's Practice [2d ed.], p. 586.)

Section 3249 of the Code of Civil Procedure did provide for costs against an infant plaintiff and for their collectibility, as of course, against the guardian *ad litem*. The language was specific: " Where costs are awarded against an infant plaintiff, they may be collected, by execution or otherwise, from his guardian *ad litem*, in like manner as if the latter was the plaintiff." And section 469 of the Code of Civil Procedure expressly provided that the guardian *ad litem* of an infant plaintiff in an action " shall be responsible for the costs thereof." (See *Hernandez* v. *Billotte*, 2 City Ct. Rep. 319.)

When in 1920 the Civil Practice Act was adopted, section 3249 of the Code of Civil Procedure was omitted entirely, and the quoted portion of section 469 was also omitted, and a new section enacted: " A guardian *ad litem* for an infant is not liable for costs unless specially charged therewith by the order of the court." (Civ. Prac. Act, § 205.) In the language of the revisers' note to the Civil Practice Act, it was " in view of the provisions of this section " (Civ. Prac. Act, § 205) that the old code section (3249) was " omitted."

Thus the present statute does not provide for costs against an infant plaintiff. And his guardian *ad litem* is not liable for costs unless the court so directs. (*Johnson* v. *Board of Education*, 214 App. Div. 740.) But even nearly a century before the enactment of section 205 of the Civil Practice Act the courts held against the liability of an unsuccessful infant plaintiff for costs. " If a bill is filed on behalf of an infant by his next friend, and the bill is dismissed or a decree is made in the cause before the infant is of age, he cannot be personally charged with the costs." (*Waring* v. *Crane*, 2 Paige, 79, 81.)

An early English case was cited by the chancellor in support of his view. In *Turner* v. *Turner* (2 P. Wms. 297; 2 Strange, 708; 2 Eq. Cas. Abr. 238) the guardian *ad litem* died before the litigation was ended. After the infant became of age he refused to proceed in the suit, and the bill was dismissed against him, with costs. But on a rehearing Lord KING reversed his former decree as to the costs, and decreed that the infant was not liable therefor.

An analysis of the present statutory set-up in infants' actions confirms the conclusion here reached.

Where an infant has a right of action he is entitled to sue thereon. (Civ. Prac. Act, § 201.) The Statute of Limitations does not completely run during the disability of infancy. (Civ. Prac. Act, § 60.) But the maintenance of the infant's action need not be deferred or delayed on account of infancy. (Civ. Prac. Act, § 201.) And if suit is commenced during the plaintiff's infancy he cannot himself control the litigation, but he "must appear by a guardian *ad litem* who shall be appointed by the court." (Civ. Prac. Act, § 202.) If the infant is under the age of fourteen, as in the present case, the application for the appointment of a guardian *ad litem* is made without his consent (Civ. Prac. Act, §§ 203, 204); and where it appears to the court necessary for the proper protection of the interests of the infant, the court on its own motion may appoint a guardian *ad litem* for an infant of any age at any stage of the proceedings. (Civ. Prac. Act, § 207.)

The infant does not verify the complaint. (*Clay* v. *Baker*, 41 Hun, 58.) It is the duty of his guardian *ad litem* to protect his rights. (Rules Civ. Prac. rule 42.) Settlements may be made by the guardian, without regard to the infant's desire, if approved by the court. (*Lentine* v. *Jacobs*, 137 Misc. 403.) The proceeds of an infant's cause of action are paid to others for his use and benefit. (Civ. Prac. Act, § 980-a.) In short, the infant does not control the institution, progress or disposition of the litigation. Therefore, in my opinion, the infant is not liable for costs in the event that an action instituted on his behalf is unsuccessful.

That is just, it seems to me, particularly when the defendant may, if this be an appropriate case, obtain a court order specially charging the guardian *ad litem* with costs. (Civ. Prac. Act, § 205.) In fact, Saul Goishen, in his acknowledged consent to become the guardian *ad litem* of his infant daughter, stated that he consents " to be liable for costs if he fails in the action." And that is the usual form. (Mun. Ct. Code, § 26.)

The motion to strike from the judgment the costs against the infant plaintiff is granted. Submit to the clerk on notice an amended judgment providing for a dismissal of complaint, but without costs.