JANE ANN STEVENSON, an Infant, by AMELIA V. RYAN, Her Guardian ad Litem, Respondent, v. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Appellant.

Supreme Court, Appellate Term, First Department, January 10, 1941.

D. Curtis Robertson [Daniel J. Reidy and Sidney Leuchtag of counsel], for the appellant.

David O. Kuh, for the respondent.

PER CURIAM. The infant plaintiff recovered a judgment against the defendant. On appeal to this court the judgment was reversed and the complaint dismissed on the merits, the order of reversal providing, " Judgment reversed with costs and complaint dismissed on the merits with costs." After the judgment on the remittitur was filed plaintiff moved to amend it by striking out the last paragraph awarding costs against the infant plaintiff. The motion was granted, and defendant appeals from the order.

The question presented for our determination is whether judgment for costs may be entered against an infant personally and whether execution may be issued to enforce that judgment.

The opinion of the court below reviews the history of the imposition of costs against an unsuccessful infant litigant, beginning with the Revised Statutes of 1829 (2 R. S. p. 446, § 2), expressly charging the next friend or guardian ad litem with responsibility for costs. Finding some cases which seem to hold that an infant can be compelled to give security for costs, and noting that section 3268 of the Code of Civil Procedure (1903) expressly required it at one time, the justice further holds that chapter 524 of the Laws of 1904 replaced that section by section 469, which " completely eliminated this obligation and made. it clear, from then on at least, that the burden of liability for costs was on the guardian ad litem," citing Imhoff v. Wurtz (9 Civ. Pr. 48). In granting the motion

he relies upon *Goishen* v. *Samor Realty Co.* (167 Misc. 477 [LEVY, J.], and *Pilla* v. *Jacobs*, N. Y. L. J. April 13, 1940, p. 1683).

The history of the Code provisions and decisions thereunder prior to the enactment of section 205 of the Civil Practice Act, which will be discussed, shows that a successful defendant had a valid and enforcible judgment for costs against the guardian. In the Revised Statutes of 1829 (2 R. S. p. 232, § 40) it was provided: " No process shall be issued for an infant plaintiff  *  *  *  until a next friend for such plaintiff shall have been appointed. Whenever requested, the justice shall appoint some suitable person who will consent thereto in writing, to be named by such plaintiff, to act as his next friend in such suit; who shall be responsible for the costs therein."

Thereafter section 316 of the Code of Procedure (See Laws of 1849, chap. 438) replaced the Revised Statutes of 1829 (2 R. S. p. 232, § 40), providing: " When costs are adjudged against an infant plaintiff, the guardian by whom he appeared in the action, shall be responsible therefor, and payment thereof may be enforced by attachment."

In *Grantman* v. *Thrall* (31 How. Pr. 464) the court, in discussing liability for costs imposed on a guardian *ad litem* by section 316 of the Code of Procedure, said: " It is a process given to the party to enforce a liability in his favor which the statute imposes, not conditionally, but absolutely and imperatively. I do not see that, strictly, it is necessary for the defendant in such a case to first issue his execution against the infant, in order to fasten the liability upon the guardian, and entitle the defendant to his attachment, though I should think that the more reasonable and better practice."

This case, in effect, recognizes that costs may be taxed against an infant. (See, also, *Linner* v. *Crouse*, 61 Barb. 289, 291.)

When the Code of Civil Procedure was adopted it provided (§ 3268, subd. 5) for security for costs to be furnished by the infant whose guardian *ad litem* had not given such security. In 1891 (Laws of 1891, chap. 170) this provision was amended by excepting from its requirements an infant who had obtained leave to sue as a poor person. Under chapter 524 of the Laws of 1904, the above provision of the Code, which required the infant to give security for costs, was stricken out. Section 469 of the Code (as amd. by Laws of 1891, chap. 170) provided, however, that " Before a summons is issued, in the name of an infant plaintiff, a competent and responsible person must be appointed, to appear as his guardian for the purpose of the action, who shall be responsible for the costs thereof,  *  *  *."

Thus the defendant was given greater protection than formerly for the collection of his costs in the event that he was successful, as the guardian *ad litem* was required to be a responsible person and responsible for the costs.

Section 3249 of the Code of Civil Procedure provided: " Where costs are awarded against an infant plaintiff, they may be collected, by execution or otherwise, from his guardian ad litem, in like manner as if the latter was the plaintiff." Here, again, there is a recognition that costs may be awarded against an infant plaintiff. It would follow, therefore, that prior to the enactment of section 205 of the Civil Practice Act, an unsuccessful infant plaintiff, or his guardian *ad litem*, was responsible for costs.

Section 205 of the Civil Practice Act provides: " Liability for costs of guardian ad litem. A guardian ad litem for an infant is not liable for costs unless specially charged therewith by the order of the court." This section, while it relieves a guardian *ad litem* of liability for costs unless specially charged with them by court order, does not necessarily relieve an infant of such liability.

We have not found any case which would stand for the proposition that section 205 of the Civil Practice Act contemplated relieving not only the guardian *ad litem* of liability for costs, but also the infant. Such a radical change in legislative intendment must be expressed in clearer language than that contained in section 205. It seems to me that all that section 205 did was to relieve a guardian *ad litem* unless specifically charged by order of the court, but by the same token it did not relieve an infant of such liability, and a successful defendant may proceed against an unsuccessful plaintiff under the general statutes relating to costs. (Civ. Prac. Act, § 1475.)

The only manner in which an infant can avoid liability for costs is to proceed under section 196 of the Civil Practice Act, and rule 35 of the Rules of Civil Practice — that is, by suing as a poor person.

We are not unmindful of the case of *Goishen* v. *Samor Realty Co.* (167 Misc. 477), decided by the Municipal Court of New York (LEVY, J.). We do not agree with the conclusion reached by that court and find no basis in the historical background of section 205 of the Civil Practice Act for the conclusion reached. While section 205 does not provide for costs against an infant plaintiff, neither does it exempt him from costs, except perhaps in those cases where the guardian *ad litem* is specially charged by order of the court. *Pilla* v. *Jacobs* (N. Y. L. J. April 13, 1940, p. 1683) is distinguishable.

As appellant does not challenge the power of the court below to amend the judgment entered in accordance with our determination, we have deemed it preferable to dispose of the appeal upon the merits.

Order reversed, with ten dollars costs and disbursements, and motion to amend judgment denied.

All concur. Present — McCook and Shientag, JJ.