KERMIT HOLMBERG, Individually and as Guardian ad Litem of KERMIT HOLMBERG, JR., and REMETA HOLMBERG, Plaintiffs, *v.* ALF ANDERSON, Defendant.

Municipal Court of New York, Borough of Bronx, First District, June 17, 1942.

*Aaron Edward Nowack*, for the plaintiffs.
*Samuel Rosenthal*, for the defendant.

SULLIVAN, J. On July 23, 1941, on Two Hundred and Thirty-third street between White Plains road and Byron avenue in the borough of the Bronx, city of New York, two automobiles collided, and from the occurrence arose this action wherein the plaintiff Kermit Holmberg claimed $100 for personal injuries, the plaintiff Kermit Holmberg, Jr., $800 for personal injuries, and the plaintiff Remeta Holmberg $24 for damage to her automobile. The defendant counterclaimed for $35 for damage to his automobile.

A trial was had before the court and a jury on April 28, 1942, and resulted in a verdict for the defendant against all the plaintiffs. Upon the trial the counterclaim was dismissed for failure of proof.

A judgment has been entered in favor of the defendant against the plaintiff Kermit Holmberg for fifty dollars costs and six dollars disbursements, which the plaintiffs upon this motion ask the court to review pursuant to section 171 of the Municipal Court Code of the City of New York on the ground that under section 205 of the Civil Practice Act a guardian *ad litem* for an infant is not liable for costs unless specially charged therewith by order of the court. No such order has been made herein.

In opposition the defendant maintains that the provisions of subdivision 1 of section 26 of the Municipal Court Code are controlling because of the specific requirement that a consent in writing of the guardian to be liable for costs if he fails in the action must be filed with the clerk of the court, except that the guardian shall not be liable for costs where the plaintiff has received leave to prosecute as a poor person. No such leave was sought herein. The consent required by the mandatory language of the statute was duly filed before the commencement of the action.

The Appellate Term of the Supreme Court, First Department, has held that while the practice in the Municipal Court is intended to be similar to that in the Supreme Court so far as practicable (Mun. Ct. Code, § 15), where statutes and rules are laid down in the Municipal Court Code as to what the practice in that court shall be, they are controlling and must be followed. (*Mutual Braid Co., Inc.*, v. *Jeffers*, 106 Misc. 494; *Wilson & Co., Inc.*, v. *Hershkowitz*, 163 id. 721.)

The Appellate Division of the Supreme Court, Second Department, has held that the defendant is entitled to costs as of course as against the plaintiff individually where, as here, he unsuccessfully sought to maintain a claimed individual cause of action against the defendant apart and distinct from the cause of action he sought to enforce in his capacity as guardian *ad litem* and that section 205 of the Civil Practice Act has no application. (*Giebner* v. *Retz*, 253 App. Div. 752.)

The Appellate Term, First Department, has held that while section 205 of the Civil Practice Act relieves a guardian *ad litem* of liability for costs unless specially charged with them by court order, it does not necessarily relieve an infant of such liability and that the only manner in which an infant can avoid liability is to sue as a poor person. (*Stevenson* v. *Guardian Life Ins. Co. of America,* 175 Misc. 823, 825.)

Chapter 879 of the Laws of 1942 amends section 205 of the Civil Practice Act to include the infant, but as the amendment does not become effective until September 1, 1942, the court must consider the present wording of the statute as construed in the *Giebner* and *Stevenson* cases (*supra*).

In the Municipal Court costs are fixed and determined in accordance with section 164 of the Code and the court is bound thereby. Subdivision 11-a thereof provides that when two or more plaintiffs join in one complaint and the defendant is successful in such action a single bill of costs shall be awarded to him against all coplaintiffs jointly, based upon the largest individual demand in the summons or complaint.

As three plaintiffs joined in the complaint in this action, one of whom, the infant, demanded judgment for $800 against the defendant, he, as the successful party, appears to be entitled to fifty dollars costs under that statute.

In support of this motion the plaintiffs strongly rely upon the case of *Goishen* v. *Samor Realty Co.* (167 Misc. 477), from which no appeal appears to have been taken. In that case there was only one plaintiff, the infant, whose action was dismissed upon the call of the calendar for failure of the plaintiff to proceed and the court, upon motion thereafter made, disallowed the costs taxed by the defendant as there was no order specially charging the guardian therewith in accordance with section 205 of the Civil Practice Act.

In the *Stevenson* case the court disagreed with the conclusion reached in the *Goishen* case and stated (p. 825): " We have not found any case which would stand for the proposition that section 205 of the Civil Practice Act contemplated relieving not only the guardian *ad litem* of liability for costs, but also the infant. Such a radical change in legislative intendment must be expressed in clearer language than that contained in section 205."

The reason for the amendment to the statute is thus apparent. (Laws of 1942, chap. 879.)

Mindful of the fact that in this case there are three plaintiffs, two adults and one infant, all related and all of whom joined in a single action against the defendant, it would seem that the statute

to be applied is subdivision 11-a of section 164 of the Municipal Court Code, which when considered in connection with subdivision 1 of section 26 of the same Code and the *Stevenson* case (*supra*) warrants the court in declining to reduce the amount of the costs from fifty dollars to ten dollars as requested hereon by the plaintiffs.

The judgment is modified by reducing the amount thereof from fifty-six dollars to forty-five dollars. (Mun. Ct. Code, § 164, subd. 12.) It shall be entered against the three plaintiffs jointly. The clerk will mark the docket accordingly.